EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ROSA CELORIO VDA. DE TIZOL, acusada y apelante.

No. 5852.—*Sometido:* Diciembre 18, 1935. *Resuelto:* Enero 17, 1936.

*E. Pérez Casalduc,* abogado de la apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Rosa Celorio fué acusada de un delito de injuria y calumnia (*slander*) por Fernando Mariani. Se alega en la denuncia que la acusada, maliciosa y voluntariamente, expuso al ridículo y menosprecio público a la esposa del denunciante, Amanda Marín de Mariani, dirigiéndole ciertas palabras injuriosas que se especifican en la referida denuncia.

La corte de distrito declaró culpable a la acusada, condenándola a satisfacer cincuenta dólares de multa. Contra esta sentencia interpuso recurso de apelación la referida acusada, alegando que la corte inferior cometió error al declararla culpable y decidir que las frases que se le atribuyen fueron dichas con la intención maliciosa de hacer creer a los oyentes que la supuesta perjudicada fuese una mujer de conducta deshonesta y de exponerla con tales dichos al ridículo y menosprecio públicos.

Para resolver la cuestión planteada por la parte apelante es necesario examinar las palabras que sirvieron de base a la corte inferior para dictar su fallo, juntamente con la prueba practicada. Las alegaciones de la denuncia aparecen sostenidas por dos testigos: el denunciante y su esposa, quienes vivían en una casa que queda muy cerca de la que entonces

habitaba la señora Celorio. La prueba demuestra que entre ambas familias ocurrió un disgusto motivado por una pelea habida entre una pequeña niña de los esposos Mariani y otra de la acusada, señora Celorio. Los testigos de la defensa sostienen que el origen de ese disgusto fué el hecho de haberle pegado con las manos la señora Mariani a una hija de la señora Celorio. La señora Mariani declara que la acusada se asomó a una de las ventanas de su casa, diciéndole en alta voz las frases siguientes: "Oye, Amanda, sinvergüenza, hija de la gran puta, sal para afuera, no eres más que una canalla, un cuero sucio," añadiendo que su marido era un boca abajo. El denunciante, Fernando Mariani, dice que la acusada dirigió a su esposa las siguientes palabras: "sinvergüenza, hija de la gran puta, ¿quién es Amanda Marín?, una puta mala, un cuero sucio," y que su marido era un boca abajo.

Arguye la defensa que aun admitiendo que la acusada apelante dijera a la señora Mariani que era una puta mala y todas las demás frases que se le atribuyen, se desprende claramente de la prueba practicada que estas palabras las pronunció en un momento de ira, cegada por la pasión de madre, al decirle su hijita que la señora Mariani la había golpeado. La defensa cita en apoyo de su teoría el caso de *State* v. *White,* 151 S. W. 757, 168 Mo. App. 345, donde se resolvió que la corte inferior debió haber sometido al jurado una instrucción solicitada por el acusado. En dicho caso una señora dirigió a una vecina suya, con quien tuvo un disgusto, las siguientes palabras: "You dirty, whoring bitches, you dirty low down dogs." La instrucción solicitada por el acusado y denegada por la corte dice así: "Si el Jurado, de acuerdo con la evidencia y circunstancias del caso, cree que las palabras pronunciadas por el acusado fueron dichas en momentos de excitación, como términos de abuso y reproche . . . y no se pronunciaron como si fuesen ciertas y fueron entendidas por los oyentes como términos de abuso, vertidas en momentos de ira sin la intención de imputar falta de castidad, entonces el Jurado debe rendir un veredicto en favor del acusado."

Resolviendo la cuestión planteada, la Corte Suprema de Missouri se expresó así:

"En casos de injuria y calumnia la base del delito es la intención del acusado al pronunciar las palabras que se le imputan. Las palabras mencionadas han debido imputar falta de castidad a la mujer o mujeres mencionadas. Si aparece de las circunstancias bajo las cuales fueron pronunciadas que no hubo la intención y se entendió que las palabras no imputaban falta de castidad, sino que se intentaron y dijeron solamente como expresiones de abuso o vituperio, entonces las referidas palabras no constituyen injuria y calumnia criminal. Aunque nosotros no estamos completamente preparados para decir que la evidencia de parte del Estado demostró conclusivamente que las palabras fueron usadas como simples términos de abuso y no con la intención de imputar falta de castidad, por lo menos tienen una fuerte tendencia en esa dirección y justificaba que se hubiese sometido al Jurado la instrucción solicitada."

Nótese que en el caso de Missouri la Corte Suprema se limita a decir cuál es, a su juicio, la ley en dicho Estado absteniéndose de intervenir en la apreciación de la prueba por parte del Jurado. Convenimos en que cuando se demuestra que las expresiones calumniosas fueron vertidas sin intención de calumniar, no puede decirse que se ha cometido un delito de injuria y calumnia, pero entendemos que es necesario que la presunción establecida por la ley, considerando maliciosa y punible toda expresión calumniosa, quede rebatida por la prueba a fin de que pueda estar justificado un veredicto absolutorio.

La ley para definir y castigar el delito de calumnia e injuria dice así en sus tres primeros artículos:

"1.—Se entiende por calumnia toda falsa y maliciosa imputación hecha de palabra y públicamente contra otra persona natural o jurídica, imputándole la comisión de hecho constitutivo de delito.

"2.—Entiéndese también por calumnia toda palabra o concepto proferido maliciosa y públicamente en deshonra, descrédito, menosprecio de otra persona natural o jurídica.

"3.—Se presumirá maliciosa y será calumnia procesable toda expresión calumniosa hecha públicamente en presencia o en ausencia de la persona agraviada."

Esta corte, en el caso de *Palou* v. *Ríos*, 23 D.P.R. 363, 366, dice lo siguiente:

"Ahora bien, de acuerdo con la ley y la jurisprudencia, no siempre que se llama 'ladrón' a una persona se comete el delito de calumnia, y a nuestro juicio, después de un estudio cuidadoso de la prueba practicada y de los mismos hechos declarados probados por el juez sentenciador, no es posible concluir que la intención manifiesta de la demandada en este pleito fuera la de imputar al demandante un verdadero delito de hurto o robo. La demandada cobró en forma incorrecta y abusiva en verdad una deuda al demandante. Éste reconoció la existencia de la deuda, pero alegó que no era él sino una sociedad de la que formaba parte la que debía el dinero reclamado por la demandada. Todos los que oyeron a la demandada pudieron comprender perfectamente que se trataba de un asunto de negocios, en el que una mujer, la demandada, parte en el mismo, en un momento de calor o de ira, fué más allá de lo que las buenas formas y el propio respeto exigen de consuno, pero no de la fría y consciente imputación de un delito."

En la opinión del tribunal, emitida por el entonces Juez Asociado Sr. del Toro, se citan los casos de *Fawsett* v. *Clark*, 30 Am. Rep. 481, 485, y *Bridgman* v. *Armer*, 57 Mo. App. Rep. 528, 531.

En el primero de dichos casos se dice lo siguiente:

"La prueba del demandante al declarar en su propia defensa es que estas palabras formaban parte de una violenta protesta verbal que hizo el acusado acerca de la conducta del demandante, al escribir una carta a una tercera persona, relacionada con las transacciones que con él tuvo el acusado. Haciendo referencia a la carta y a su contenido el acusado dijo que el demandante era 'un mentiroso,' 'un estafador' y que 'no era más que un ladrón';—un ladrón—que el demandante 'lo había demandado' y que él había ofrecido pagar más de lo que yo (el demandante) jamás obtendría—'y que lo que en substancia dijo Fawsett con relación a la carta, fué que yo (el demandante) lo había acusado en ella de hacer falsas cuentas.'

"Todos los testigos corroboran este parecer. Las circunstancias demuestran que los términos de reproche usados no constituían sino una simple ofensa producida por el coraje; las palabras 'mentiroso,' 'ladrón,' 'estafador,' fueron pronunciadas inmediatamente una tras

otra con referencia al contenido de la carta y explican a todos los que las oyeron el sentido en que fueron usadas.''

En el segundo se dice que una persona puede usar palabras que por sí y no estando explicadas serían calumniosas *per se*, pero que si los hechos y circunstancias que aparecen de la prueba demuestran que no fué el objeto hacer semejante cargo y que no fueron interpretadas de tal modo por los que las oyeron, entonces no constituyen calumnia. Cuando se demuestra, continúa diciendo el tribunal, que tales palabras fueron pronunciadas, esto constituye prima facie una demostración de que el objeto de ellas era hacer la imputación que de las mismas se deduce y si se trata de darles alguna otra significación, debe establecerlo el acusado a menos que aparezca de la misma exposición de los hechos por parte del denunciante.

En el presente caso la acusada niega que hubiese dirigido a la señora Mariani las palabras que se le imputan. No hay otra prueba con respecto a la alegada excitación que la que pudiese surgir de las palabras que se atribuyen a là señora Celorio y del disgusto ocurrido entre una familia y la otra. No parece lógico que se acoja a la defensa de haber pronunciado esas palabras en momentos de excitación quien niega haberlas vertido. No tenemos base para decir que las palabras que se imputan a la señora Celorio fuesen pronunciadas sin intención de calumniar a la señora Mariani. La acusada no produjo prueba alguna sobre este particular. No estableció su defensa a base de que las palabras habían sido vertidas por ella y de que las hubiese pronunciado en el calor de una disputa sin la intención maliciosa que se le imputa y que presume la ley. No se ha destruído a nuestro juicio la presunción establecida por el estatuto. La intención con que han podido ser pronunciadas las palabras objeto de la denuncia es cuestión que aparece resuelta por la corte inferior, y no creemos que de acuerdo con la prueba aportada estemos justificados en revocar el fallo dictado por dicho tribunal.

*Debe confirmarse la sentencia apelada.*