JUAN MULERO, demandante y apelado, *v.* TULIO MARTÍNEZ CASANOVA, demandado y apelante.

Núm. 8154.—*Sometido:* Marzo 7, 1941.—*Resuelto:* Marzo 21, 1941.

*F. González Fagundo,* abogado del apelante; *F. R. Aponte,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Juan Mulero demandó a Tulio Martínez Casanova ante la Corte de Distrito de Humacao, en reclamación de daños y perjuicios. Dijo ser comerciante y haber gozado siempre de buena reputación y crédito. Como primera causa de acción alegó que el demandado, maliciosamente y en presencia y al oído de un número de personas, publicó las siguientes palabras respecto al demandante y su negocio: "Él guarda cuentas falsas y yo puedo probarlo"; y como segunda causa de acción, que en las mismas fechas y circunstancias de la primera, el demandado había dicho, refiriéndose al demandante: "Usted es un ladrón."

Contestó el demandado negando todos los hechos esenciales de la demanda, y alegó en su defensa, que en la fecha a que se refiere el demandante éste no gozaba de crédito alguno y no explotaba negocio alguno de comercio.

Visto el caso, la corte inferior desestimó la demanda en cuanto a la primera causa de acción y la declaró con lugar en cuanto a la segunda, condenando al demandado al pago de $300 por concepto de daños y perjuicios, más las costas y $100 para honorarios de abogado.

Alega el demandado apelante, que la corte sentenciadora erró al declarar "que la frase 'Usted es un ladrón,' en la forma en que fué proferida en este caso, es libelosa *per se*"; al condenar al demandado al pago de daños, costas y honorarios, y al apreciar la prueba.

Admite el apelante que la imputación de "ladrón" es por sí sola suficiente para dar a la persona ofendida un derecho de acción contra el ofensor, pero arguye que ese derecho de acción no existe cuando la imputación es hecha por un arrendador contra su arrendatario. Y en apoyo de su extraña teoría, según la cual el arrendador podría injuriar y calumniar impunemente al arrendatario, y viceversa, cita la sección 5 de la ley de 19 de febrero de 1902, titulada "Ley para autorizar pleitos civiles por daños y perjuicios ocasionados por libelo y calumnia," (Comp. Est. Rev. 1911, sec. 1688), que lee así:

"Sección 5.—Se presumirá que existe malicia en cualquier comunicación o escrito infamatorio o calumnioso que se dirija a otra persona que no sea un pariente dentro del tercer grado, o a una persona a quien el autor tenga bajo su tutela, o cuando dicha comunicación se cruce entre personas que tengan negocios en sociedad, u otra asociación semejante."

Como autoridad interpretativa de dicha sección 5 cita el apelante el caso de *Jiménez* v. *Díaz Caneja,* 14 D.P.R. 9, en el que el demandado Díaz Caneja dirigió una carta a Borrás, quien era su arrendatario y apoderado, en la cual, refiriéndose al demandante Jiménez, quien estaba en posesión de la finca arrendada, le llamaba "ladrón," "usurpador" y "tunante." Se resolvió, de acuerdo con la sección 5, supra, que existiendo entre el demandado y Borrás "una asociación semejante a la de los socios" e intereses relacionados y comunes, "existe a favor de Manuel Díaz Caneja la presunción de haber obrado sin malicia y al demandante incumbe probar que existió malicia por parte del demandado."

Veamos cuál es la razón o fundamento legal de dicha regla. Se entiende por *libelo,* de acuerdo con la sección 2 de la citada ley, "la difamación maliciosa que públicamente se hace en contra de una persona, por escrito, impreso, signo, retrato, figura, efigie u otro medio mecánico de publicación, tendente...a perjudicarle en sus negocios." *Calumnia,* de acuerdo con la sección 3 del mismo estatuto, es "la publica-

ción falsa o ilegal, que no sea un libelo, y que impute a una persona la comisión de un hecho constitutivo de delito, o tienda directamente a perjudicarle con relación a su...... comercio o negocios, etc.''

Como se ve, cuando se trata de una acción basada en el libelo o sea de una difamación hecha por escrito, la malicia es un elemento esencial para que exista causa de acción. No así en el caso de la calumnia, pues basta que la publicación sea falsa o ilegal.

El elemento esencial, tanto en el libelo como en la calumnia, es *la publicación*. Cuando las imputaciones difamatorias son comunicadas por escrito o por medio de la palabra a una tercera persona, o sea a otra persona distinta de la difamada o calumniada, entonces existe la publicación necesaria para que pueda surgir un derecho de acción. Por ejemplo, si A en una carta dirigida a B, o dirigiéndose a B personalmente de palabra, sin que se enteren otras personas, le dice: ''Usted es un ladrón,'' B no tiene causa de acción contra A porque la imputación calumniosa no ha sido publicada. Véanse: *McLaughlin* v. *Schnellbacher*, 65 Ill. App. 50; *Sourbier* v. *Brown*, 188 Ind. 554, 123 N. E. 802; *Dickinson* v. *Hathaway,* 122 La. 644, 21 L.R.A. (N. S.) 33; y 36 C. J. 1223, secs. 169 y 172.

La prueba ofrecida por el demandante y creída por la corte sentenciadora establece clara y suficientemente el hecho de la publicación de las imputaciones difamatorias y calumniosas. El demandante y sus dos testigos declararon que el demandado, en presencia de dichos testigos y dirigiéndose al demandante, dijo a éste: ''Usted es un pícaro y un ladrón y usted me llevó dos colgantes de la luz y un escobillón.''

Cuando lo que se imputa al demandante, como en el caso de autos, es la comisión de un delito por el cual podría ser procesado, la presunción de inocencia que la ley establece en favor de toda persona es evidencia prima facie de la falsedad de la imputación y de la falta de causa probable. Establecido el hecho de la publicación, incumbía al deman-

dado probar en su defensa la verdad de los hechos imputados por él públicamente al demandante. Véanse: *Fennell* v. *Guffey,* 139 Pa. 341, 20 A. 1048.

La interpretación que da el demandado apelante a la sección 5, supra, es absolutamente errónea. Si la admitiéramos como correcta, tendríamos que admitir que toda persona tiene el privilegio o derecho de difamar, siempre que entre el difamador y el difamado existan relaciones tales como las de socios, abogados y cliente, poderdante y apoderado, arrendador y arrendatario, tutor y pupilo u otras semejantes. De acuerdo con esa interpretación, un abogado podría ir a la plaza pública y proclamar en voz alta ante las personas allí congregadas que su cliente es un ladrón, sin incurrir en responsabilidad alguna.

Para darnos cuenta más exacta del significado y alcance de dicha sección pongamos dos ejemplos:

(1) A, abogado de B, escribe a éste y le dice que C es un ladrón. En ese caso no puede presumirse que A actuó maliciosamente, porque entre A que hizo la imputación calumniosa y B a quien le fué comunicada, existe la relación de cliente y abogado. La comunicación en ese caso se considera privilegiada, y el difamado no tiene causa de acción contra el difamador a menos que pruebe que éste actuó maliciosamente.

(2) A, abogado de B, escribe a C y le dice que B, su cliente, es un ladrón. La comunicación se presume maliciosa y no tiene el carácter de privilegiada, toda vez que entre A, el difamador, y C, la tercera persona a quien se comunicó la imputación difamatoria, no existe ninguna relación que pueda dar a la comunicación el carácter de privilegiada.

"La distinción principal entre una comunicación privilegiada y una que no lo es, consiste en que en la última la malicia se infiere como cuestión de derecho de la publicación de la materia difamatoria, mientras que en la privilegiada, la malicia actual o expresa puede ser necesaria para establecer el derecho de acción. . . . Cuando la comunicación es absolutamente privilegiada la cuestión de malicia es inmaterial." 36 C. J., sec. 167, pág. 1218.

En el caso de autos el demandado apelante no puede invocar privilegio alguno. Si las palabras pronunciadas por él en contra del demandante hubiesen sido dirigidas a éste, sin que las oyesen otras personas, en ese caso el demandante no tendría causa de acción, por faltar el elemento de la publicación, o sea la comunicación de la imputación difamatoria a una tercera persona. La evidencia demuestra que hubo la necesaria publicación, pues la imputación calumniosa fué hecha al demandante en presencia de y oída por otras dos personas. Y entre esas dos personas y el difamador no existían ninguna clase de relaciones que pudieran dar a la comunicación el carácter de privilegiada.

La cuestión sobre si el demandante Mulero era o no comerciante en la fecha en que se le hizo la imputación es inmaterial. Cuando lo que se imputa es la comisión de un hecho constitutivo de delito, el libelo o calumnia es "actionable per se" y el demandante no está obligado a probar que sufrió daños en su comercio o negocios.

*Debe confirmarse la sentencia recurrida.*