EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO LUGO SERRANO, acusado y apelante.

Núm. 14167.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 28, 1949.

*Rafael Muñoz Ramos* e *Inés Acevedo de Campos,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco (Carlos Santana Becerra, Procurador General Interino,* en el alegato), *J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Sosteniendo que la corte inferior erró en la apreciación de la prueba, argumenta su único señalamiento de error el apelante, quien fuera convicto de un delito de injuria y calumnia y sentenciado a pagar una multa de $25. Las frases calumniosas que se alegaron dirigidas por el acusado al denunciante fueron las siguientes: "Usted es un pillo, le robó $500 a mi tío y se lo probaré en la corte."

La prueba de cargo fué al efecto de que el día 24 de noviembre de 1947 el denunciante Prudencio Afanador se encontró con el acusado en la oficina del Departamento del Trabajo en Utuado, donde a la sazón se celebraba una vista sobre reclamación de salarios del propio Afanador contra el acusado; que durante la vista, en la que había mucho público tanto dentro de la oficina como afuera en la calle, el acusado y el denunciante estuvieron discutiendo agriamente el uno con el otro; que al terminarse la vista, el acusado, dirigiéndose al denunciante le dijo: "Tú eres un pillo, le robaste $500 a un tío mío y te lo voy a probar en corte"; que Afanador no sabía la suma que había reclamado del acusado por concepto de salarios y tampoco sabía si su reclamación había sido concedida o denegada; que dicha reclamación no prosperó; que el acusado en todo momento negó que debiera dinero alguno al denunciante, tachando a éste de pillo; que el acusado tenía un tío agricultor, quien en una ocasión entregó cierto café de su propiedad al denunciante para que lo vendiera, en unión a un cuñado suyo; que el café fué vendido y el denunciante recibió un cheque extendido a su favor por

el importe del café habiendo cambiado dicho cheque y aplicado el dinero a los gastos de una casa que el denunciante construía para el tío del acusado; que una hermana de éste había sido esposa del denunciante.

La prueba de defensa tendió a demostrar que la conversación sostenida entre Afanador y el acusado Lugo durante la vista sobre reclamación de salarios fué tranquila en su comienzo, pero que fué subiendo de tono y se tornó agria; que ante la insistencia de Afanador para que Lugo le pagara la cantidad reclamada, éste le dijo que era una "picardía" que le reclamara lo que él no le debía, así como también que le pidió que devolviese los $500 que le había cogido a su tío; que con motivo de la discusión se aglomeró mucha gente en el sitio; que las frases vertidas por el acusado al denunciante lo fueron después que el Agente del Departamento del Trabajo en Utuado le había dado la razón al primero en relación con la querella de reclamación del acusado; que el denunciante Afanador tuvo en una ocasión café del tío del acusado para venderlo y que nunca le entregó el producto de dicha venta; que Afanador es maestro de obras pero que nunca le hizo casa alguna al tío del acusado ni trabajó para él; que le construyó una casa al propio acusado; que la reclamación de Afanador por horas y salarios contra Lugo fué de $4,900; que Lugo no le debía nada al denunciante y que por el contrario éste le debía a Lugo como $3,000; que la querella de salarios se resolvió a favor de Lugo; que Afanador fué casado con una hermana de Lugo y luego la abandonó, y que el tío de Lugo radicó una denuncia contra Afanador por un alegado delito de abuso de confianza.

■■ La prueba a que dió crédito la corte inferior es suficiente para sostener la sentencia apelada. La frase dirigida al denunciante le imputa la comisión de un delito, con la expresión "Tú eres un pillo, le robaste $500 a un tío mío." El resto de la frase, a saber: "y te lo voy a probar en corte" indica claramente que la imputación contenida en la primera

parte, de que el denunciante era un pillo y le había robado $500 a un tío del acusado, fué hecha con el alcance y objeto de imputar un delito, al afirmar categóricamente que habría de probárselo en la corte, demostrando que su propósito fué expresar exactamente la idea que se derivaba de sus palabras, teniendo en cuenta su sentido usual, principal y corriente. *Cf. Pueblo* v. *Pargas,* 67 D.P.R. 818. Como bien indica el Fiscal Auxiliar de este Tribunal, la frase vertida por el apelante "trasciende los límites de lo ultrajante y vituperativo como mero instrumento de abuso, y constituye una fría, calculada y deliberada imputación de un delito de hurto, robo o abuso de confianza". Los casos de *Moraza* v. *Rexach Sporting Corp.,* 68 D.P.R. 468, y de *Palou* v. *Ríos,* 23 D.P.R. 363, invocados por el apelante, no son de aplicación al de autos, ya que aquí la frase dirigida al denunciante no fué pronunciada en sentido figurado como mera expresión de abuso en un arrebato de excitación y de pasión.

■■ La circunstancia de que el acusado nada debía al denunciante y éste pretendiera lo contrario (en relación con su reclamación de salarios), así como la de que el denunciante vendiera café de un tío suyo y no le entregara el dinero—circunstancias éstas que tuvo ante sí la corte inferior al declarar convicto al acusado—en el supuesto de que fueran ciertas, nunca podrían tener el efecto de justificar las frases calumniosas *per se* vertidas por el apelante. Habiendo sido la evidencia claramente conflictiva y habiendo la corte inferior dirimido ese conflicto, no intervendremos con su determinación, en ausencia de manifiesto error en la apreciación de la prueba o de que actuara movida por pasión, prejuicio o parcialidad.

*La sentencia apelada será confirmada.*