LUIS ÁLVAREZ CAMPS, demandante y apelado, *v.* MANUEL PÉREZ, demandado y apelante.

Número 10750.

*Sometido:* 16 de febrero de 1953. *Resuelto:* 9 de marzo de 1953.

454

*Nicolás Torres Marrero, abogado* del apelante; *Carlos J. Ortiz,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Ante la sección de San Juan del antiguo Tribunal de Distrito de Puerto Rico, Luis Álvarez Camps presentó una acción de daños y perjuicios, alegando que la esposa del demandado lo había calumniado ya que, en presencia de numerosas personas, que le oyeron, ella había manifestado públicamente que el demandante era un pillo y le había robado a ella ciento ochenta dólares, siendo falsas tales manifestaciones.

Después de haberse visto el caso en sus méritos, el Tribunal de San Juan formuló las siguientes conclusiones de hechos, que no han sido impugnadas en esta apelación:

"1. Que el demandado Manuel Pérez es casado con Rosa María Rodríguez, con quien vive como esposo y esposa en Santurce, de San Juan, Puerto Rico.

"2. Que entre 4:00 y 5:00 P. M. (cuatro y cinco de la tarde) del 7 de julio de 1950 y en la calle Tapia de Santurce, de San Juan, Puerto Rico, Rosa María Rodríguez, esposa del demandado, le dijo al demandante: 'Mira tú, pillo, me robaste $180 (ciento ochenta dólares)'.

"3. Que la frase anterior fué dicha por Rosa María Rodríguez públicamente en alta voz, al alcance del oído del demandante y de otras personas que se encontraban en el sitio.

"4. Que el demandante le adeudaba al demandado la cantidad de cien dólares ($100) que fueron los que la esposa de este último trataba de cobrarle al demandante y que alega el contrademandante que su esposa gestionaba cobrar.

"5. Que la conducta antes expuesta de la esposa del demandado contra-demandante, afectaron adversamente en el orden moral al demandante Luis Álvarez Camps y también le causó sufrimientos mentales y perjuicios a su reputación.

"6. Que los daños y perjuicios sufridos por el demandante, el Tribunal los estima en Mil Dólares ($1,000).

"7. Que el demandante en ningún momento ni en sitio alguno profirió ni palabras insultantes, ni calumniosas ni deprimentes contra o en presencia de la esposa del demandado contra-demandante, o en presencia de persona alguna. El Tribunal no da crédito alguno a los testimonios ofrecidos por la parte demandada contra-demandante."

El tribunal a quo dictó sentencia declarando con lugar la demanda y condenando al demandado a pagarle al demandante la suma de $1,000 en concepto de daños y perjuicios y $250 para honorarios de abogado. El demandado ha apelado ante nos y ha señalado los siguientes errores:

"1. El Tribunal de Primera Instancia de Puerto Rico, Tribunal Superior, sala de San Juan, cometió error al declarar con lugar la demanda, concluyendo como cuestión de derecho que la esposa del demandado-apelante cometió el delito de calumnia al imputarle falsamente al demandante-apelado la comisión de un delito público, por virtud de la frase proferida por la esposa del demandado-apelante y dirigida al demandado-apelado, y que fué la siguiente: 'mira tú pillo, me robaste $180' (T.A. págs. 9–10), presumiendo, aunque ello no se desprende de las conclusiones de derecho a que llegara el tribunal inferior, que la palabra pillo, en la forma en que fué proferida, es calumniosa *per se*.

"2. El tribunal inferior cometió error al dictar sentencia condenando al demandado-apelante a pagar al demandante-apelado la suma de $1,000 por concepto de daños, y $250 de honorarios de abogado."

■ De la prueba del demandante, creída por el tribunal a quo, y de las conclusiones de hecho ya enumeradas, surgen los siguientes hechos esenciales:

1. Que el demandante anteriormente le debía una cantidad de dinero a la esposa del demandado, y no le había pagado esa cantidad.

2. Que al decirle al demandante que él era un pillo y le había robado $180 a ella, la esposa del demandado no mencionó ni se refirió a la deuda ya indicada, ni calificó su imputación al demandante con palabras algunas que le hicieran saber a los oyentes y al público que existiese esa deuda anterior, ni expresó palabras que tendiesen a demostrar que su acusación se basaba en el hecho de que el demandante no había pagado la deuda.  Ella se limitó a decir exclusivamente que el demandante era un pillo y le había robado a ella $180.

Las doctrinas prevalecientes en Puerto Rico sobre el asunto objeto de este litigio se expresan muy adecuadamente en el caso de *Moraza* v. *Rexach, Sporting Corp.*, 68 D.P.R. 468, 471, en donde se dice lo siguiente:

"La corte de distrito aparentemente fué de opinión que el llamarle 'pillo' a una persona, automáticamente da lugar a una causa de acción por calumnia, independientemente de las circunstancias concurrentes o del resto del lenguaje en que se empleó el epíteto.  Al fallar el caso a favor del demandante, dijo la corte que 'En la común parlanza de Puerto Rico la palabra "pillo" es un sinónimo de "ladrón".  El llamar ladrón a una persona es libeloso *per se*.  *Jiménez* v. *Díaz Caneja*, 14 D.P.R. 9; *Palou* v. *Ríos*, 23 D.P.R. 363; *Mulero* v. *Martínez*, 58 D.P.R. 321.'

"Cuando una manifestación es calumniosa *per se*, procede el reparo sin necesidad de probar daños efectivos.  *Méndez* v. *Kraidman*, 63 D.P.R. 281.  Pero según nuestra ley una manifestación es calumniosa *per se* solamente si ella imputa al demandante la comisión de un delito.  Sección 3 de la Ley que Establece los Pleitos por Libelo y Calumnia, Código de Enjuiciamiento Civil, ed. de 1933, pág. 308.  Por tanto, la manifestación de que el demandante es un pillo es calumniosa *per se*, si dicho epíteto se emplea literalmente para imputar la comisión de un delito.  Pero si las circunstancias y el resto del lenguaje empleado demuestran que la frase se profirió en sentido figurado como una mera expresión de abuso en un arrebato de excitación y pasión, esto no constituye la imputación de que el demandante cometió un delito, y en consecuencia, no es calumniosa *per se*.

Anotación, 37 A.L.R. 883; L.R.A. 1917 D 205; *Hansen* v. *Dethridge,* 67 N.Y.S.2d 168 (1946); *Jones* v. *Hill,* 146 P.2d 294 (Okla., 1944); *Dalton* v. *Woodward,* 280 N.W. 215 (Neb., 1938); *Shankroff* v. *La Guardia,* 61 N.Y.S.2d 839 (1935).

"Los casos citados por la corte inferior concurren con este criterio. En el caso de *Jiménez* no se alegó que el demandado no empleara la palabra 'ladrón' literalmente. Y el fallo en dicho caso fué de hecho a favor del demandado sobre una cuestión no pertinente aquí. En los casos de *Mulero* v. *Martínez,* supra, *Díaz* v. *P. R. Ry., Light & Power Co.,* 63 D.P.R. 808, y casos en este último citados, estas manifestaciones fueron patentes imputaciones de delito más bien que términos abusivos proferidos en sentido figurado.

"Por otro lado, el caso de *Palou* es enteramente de aplicación. Allí la demandada había cedido en arrendamiento un bien inmueble a la firma de la cual el demandante era miembro. Al exigirle al demandante el pago del canon de arrendamiento, la demandada lo llamó un 'sinvergüenza, pillo y ladrón'. Revocamos la sentencia de la corte de distrito a favor del demandante, diciendo a la pág. 366:

" 'Ahora bien, de acuerdo con la ley y la jurisprudencia, no siempre que se llama "ladrón" a una persona se comete el delito de calumnia, y a nuestro juicio, después de un estudio cuidadoso de la prueba practicada y de los mismos hechos declarados probados por el juez sentenciador, no es posible concluir que la intención manifiesta de la demandada en este pleito fuera la de imputar al demandante un verdadero delito de hurto o robo. La demandada cobró en forma incorrecta y abusiva en verdad una deuda al demandante. Éste reconoció la existencia de la deuda, pero alegó que no era él sino una sociedad de la que formaba parte la que debía el dinero reclamado por la demandada. Todos los que oyeron a la demandada pudieron comprender perfectamente que se trataba de un asunto de negocios, en el que una mujer, la demandada, parte en el mismo, en un momento de calor o de ira, fué más allá de lo que las buenas formas y el propio respeto exigen de consuno, pero no de la fría y consciente imputación de un delito.' "

"Recientemente resolvimos lo mismo en un caso criminal, en el que se imputaba al acusado el delito de calumnia por haber llamado 'pillo' a un funcionario público. *Pueblo* v. *Pargas,* 67 D.P.R. 818.

"De igual manera creemos que en este caso un hombre de 80 años de edad, en un momento de indignación mientras discutía

un negocio, fué más allá de la debida compostura.  Pero su lenguaje, al ser oído como parte de todas las discusiones habidas, fué una reprimenda al demandante por haber vendido una cuadra que Rexach creyó no tenía derecho a vender, y no una acusación deliberada y consciente de que el demandante había cometido un delito.  En verdad, el propio demandante, al no apelar de la sentencia desestimando la primera causa de acción, aparentemente ha admitido que hubo alguna justificación para la indignación de Rexach, porque el demandante había vendido la cuadra radicada en terrenos de la corporación demandada.  De cualquier modo, no importa los méritos de la disputa en cuanto al status de la cuadra, es evidente que la caracterización de Moraza por Rexach como un 'pillo, canalla, sinvergüenza' fué un ex abrupto consecuencia de la contrariedad ocasionádale por la conducta de Moraza, y no realmente una acusación de delito.  El empleo de los vituperios y ultrajes es de muy mal gusto;  pero no constituye calumnia *per se.*"

En el caso citado y en el de *Palou* v. *Ríos,* 23 D.P.R. 363, conjuntamente con las imputaciones de que el demandante era un "pillo" o un "ladrón", o que el demandante había robado, la parte demandada exteriorizó, en el mismo momento o acto, otras palabras o conceptos que tendían a explicar el origen de la acusación, y eran indicativos de que las imputaciones se basaban en las relaciones comerciales previas entre las partes, o en el hecho de que había deudas anteriores. Bajo esas circunstancias, las personas que oyeron las palabras tenían una base razonable para creer que las palabras pronunciadas no imputaban realmente la comisión de un delito, ni que tal era la intención de la parte actora, sino que más bien constituían una especie de desahogo emocional producido por un estado de excitación o indignación.  Sin embargo, en el caso de autos no se expresaron palabras calificadoras.  La acusación fué escueta, desnuda, absoluta y desprovista de explicaciones de clase alguna.  No se empleó lenguaje que demostrase que la frase se profirió en sentido figurado.  En vista de ello, son aplicables al de autos los casos en donde se impuso responsabilidad porque las manifestaciones fueron patentes imputaciones de delito.  *Mulero* v. *Martí-*

*nez*, 58 D.P.R. 321; *Díaz* v. *P. R. Ry., Light & Power Co.*, 63 D.P.R. 808. En *Pueblo* v. *Lugo*, 70 D.P.R. 592, se resolvió que la frase "Usted es un pillo, le robó $500 a mi tío" es calumniosa *per se*, y que se profirió con el objeto y alcance de imputar un delito, siendo el propósito el de expresar exactamente la idea que se deriva de esas palabras, teniendo en cuenta su sentido usual, principal y corriente, y no en sentido figurado como mera expresión de abuso en un arrebato de excitación y de pasión. Se declaró que el acusado era culpable, no obstante el hecho de que, entre las partes, había mediado anteriormente una reclamación de salarios y una venta de un café.

La dificultad en este caso consiste en que, realmente, la intención puramente subjetiva de la denunciante fué la de expresar su indignación por el incumplimiento por el demandante de su obligación de pagar la deuda. Pero ese motivo interno de ella no tuvo expresión externa. Los que oyeron sus palabras no tuvieron base para comprobar cuál era la intención que había detrás de las palabras.

En aquellos casos en que las imputaciones son calumniosas *per se*, la intención subjetiva de la persona que ha usado las palabras es irrelevante y no exime de responsabilidad. *Cook* v. *Patterson Drug Co.*, 39 S.E.2d 304; *Polakoff* v. *Hill*, 27 N.Y.S.2d 142; 53 C.J.S. 43. Aún si el demandante, en su fuero interno conocía el origen y la verdadera significación de las palabras, ello no exime de responsabilidad a la parte demandada ya que, a los fines de la determinación de responsabilidad, las palabras deben caracterizarse, no por la reacción interna del demandante, sino por la naturaleza y significado en sí de las palabras y por el hecho de que esas palabras fueron oídas por terceras personas. *Walgreen Co.* v. *Cochran*, 61 F.2d 357; *Koehler* v. *Sircovich*, 269 S.W. 812; *Merkel* v. *Carter Carburetor Corp.*, 175 F.2d 323; 53 C.J.S. 48, 49. El gravamen y la esencia de la acción se refieren a los daños ocasionados a la reputación de una persona, y la

reputación depende de la reacción de terceras personas. 66 Harv. L. Rev. 479, número de enero de 1953. Es importante en la vida social el crédito ante los demás y la confianza de nuestros semejantes. (Véase el artículo del decano Roscoe Pound en 29 Harv. L. Rev. 640, 641.) Este es un caso en que la opinión ajena tiene mayor relevancia que la tranquilidad interna. No se cometió el primer error señalado.([1])

El apelante alega que fué excesiva la sentencia en cuanto a la cuantía de $1,000 en concepto de daños y perjuicios y de $250 en concepto de honorarios de abogados. Considerando todas las circunstancias de este caso no creemos que el tribunal a quo haya actuado incorrectamente al señalar tales cuantías de daños y perjuicios y honorarios de abogados y debe sostenerse su dictamen a tal efecto.

*Debe confirmarse la sentencia apelada.*

---

([1]) La causa de acción en este caso surgió antes de la vigencia de la Constitución del Estado Libre Asociado de Puerto Rico. Véase la Sección 8 de la Constitución, que dispone que "toda persona tiene derecho a protección de ley contra ataques abusivos a su honra, a su reputación y a su vida privada o familiar".