TIBURCIA SUSANA LAVIENA, DOMITILA ORTIZ LAVIENA y ZOILA ORTIZ LAVIENA, demandantes y apelantes, v. RICARDO RAMOS, demandado y apelado.

No. 3626.—*Visto:* · Noviembre 4, 1925. *Resuelto:* Marzo 26, 1926.

1. TESTIGOS—EXAMEN—CONTRA-INTERROGATORIO (*Cross-examination*) Y RE-EXAMEN —REPREGUNTA DENTRO DEL ALCANCE DEL EXAMEN DIRECTO—SU ADMISIBILIDAD.—Una repregunta acerca de la existencia de un hijo natural reconocido del causante de los demandantes es admisible cuando el testigo en su examen directo declaró que el causante no dejó al morir más hijos que los demandantes.

2. APELACIÓN Y ERROR — REVISIÓN — ERRORES NO PERJUDICIALES — ADMISIÓN DE PRUEBA OBJETADA—EVIDENCIA OFRECIDA PARA VARIOS FINES—FALTA DE OBJECIÓN ESPECÍFICA.—En el caso de autos se admitió un acta de nacimiento y no habiéndose hecho objeción específica a su admisión no obstante haberse ofrecido en evidencia para varios fines, *se resolvió:* que de existir error alguno en la admisión de la prueba, no era suficiente para fundar una revocación.

3. APELACIÓN Y ERROR—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—ISSUES Y CUESTIONES EN LA CORTE INFERIOR— PRESENTACIÓN DE LAS MISMAS—EN GENERAL.—Las cuestiones que se pretendan alegar en apelación deben ser claramente levantadas en la corte inferior.

4. APELACIÓN Y ERROR—REVISIÓN—ALCANCE Y EXTENSIÓN EN GENERAL—CUESTIONES NO PRESENTADAS FRANCAMENTE EN LA CORTE INFERIOR—CUESTIONES SOBRE FUNDAMENTOS MÁS O MENOS TÉCNICOS. — Las resoluciones dictadas sobre cuestiones que no son presentadas francamente ante los tribunales inferiores, no serán examinadas por el Supremo para los fines de una revocación sobre fundamentos más o menos técnicos.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando sin lugar demanda sobre nulidad de escritura y otros extremos, sin costas. *Confirmada.*

*F. Cervoni Gely,* abogado de las apelantes; *Arturo Aponte,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Las apelantes establecieron demanda para reivindicar ciertas fincas interesando la cancelación de una escritura de venta que se alega haberse otorgado por los esposos vendedores.

La teoría de la demanda era que la esposa nunca compareció ante el notario, ni en realidad firmó el documento, y

que los testigos firmantes no estuvieron presentes en el momento del otorgamiento de la escritura.

La acción fué establecida después del fallecimiento del esposo.

El juez sentenciador resolvió a favor del demandado todas las cuestiones de hecho que fueron controvertidas y dictó sentencia de conformidad con las mismas.

Se alega ahora que la corte inferior cometió los siguientes errores:

"*Primero:* Permitir al demandado que en sus repreguntas a la testigo Zoila Ortiz le interrogase acerca de la existencia de un hijo natural reconocido del causante de los demandantes (págs. 29 y 30).

"*Segundo:* Admitir el acta de nacimiento de Jesús Ortiz (pág. 39).

"*Tercero:* En no eliminar la declaración de referencia (*hearsay*) del testigo Jesús Ortiz, de que su papá le dijo al testigo que había vendido la finca a Ricardo Ramos (págs. 45–46).

"*Cuarto:* En permitir que el abogado del demandado preguntara a la demandante (Zoila Ortiz) si tenía interés en ganar este pleito (pág. 49).

"*Quinto:* En pronunciar una sentencia contraria a la prueba presentada."

[1] Zoila Ortiz, una de las demandantes, en el interrogatorio directo declaró lo siguiente:

"Que el padre de la testigo no dejó otros hijos con derecho a heredarlo nada más que sus dos hijas habidas en el matrimonio con la madre de la declarante; que los herederos que el padre dejó fueron a la madre y a las dos hijas, una de las cuales es la testigo y la otra su hermana Domitila. Que le consta que su padre no fué casado nada más que una sola vez; que no le consta si su padre dejó hijos naturales al morir."

Del interrogatorio de repreguntas a esta testigo citamos lo siguiente:

"Que la testigo es una de las herederas de Ramón Ortiz, por ser una de las hijas de él, y que la otra heredera es su hermana llamada Domitila; que al padre no se le han reconocido más hijos, y los

únicos que tienen derecho a la herencia y a los bienes del padre son Tiburcia la madre, y Domitila su hermana y la testigo, por entender que a la muerte de ellos, del padre y de la madre, son las únicas personas que tienen derecho a los bienes de sus padres.

"A la siguiente pregunta: ¿Ud. conoce a un tal Jesús Ortiz? El abogado de la parte demandante se opuso a que el testigo contestara, por entender que la pregunta es responsiva a una alegación eliminable de la contestación, en la cual alegación se dice, que existe un defecto de parte demandada, cual es Jesús Ortiz, hijo de Ramón Ortiz, y eso es muy cómodo ponerlo en una contestación; que si es cierto que existía tal persona debió haberse solicitado su inclusión bien como parte demandante o parte demandada. Que no se ha hecho ninguna pregunta en relación a tal Jesús Ortiz en el examen directo, y sería establecer un *issue* correspondiente a una acción de filiación; se opone además a la pregunta, porque la mejor prueba sería la partida de nacimiento, de la misma manera que han sido presentadas ante la Corte las dos partidas de las demandantes Domitila y Zoila Ortiz Laviena; que si la parte demandada desea probar que Jesús Ortiz es hijo de Ramón Ortiz, bien sea reconocido, o hijo natural, debe traer la prueba documental que exige la ley. La Corte admite la pregunta, porque la declaró en su examen directo que Ramón Ortiz al morir no dejó más hijos legítimos ni naturales, que las demandantes. Y la defensa anotó una excepción."

No encontramos ningún error en la resolución ni en el razonamiento del juez de distrito.

[2] En relación con el segundo señalamiento, se nos hace referencia al siguiente incidente:

"*Prueba de la parte demandada.*—Se presentó como primera prueba por el abogado de la parte demandada, señor Aponte, el acta de nacimiento de Jesús Ortiz, hijo natural reconocido del causante Ramón Ortiz, para acreditar que existe un defecto de partes demandantes en este caso, y que no están todas las personas ante la Corte, y al mismo tiempo para impugnar la credibilidad de una de las testigos, parte en este asunto, que dijo que Ramón Ortiz no tenía más hijos que las demandantes, y para demostrar que no son las demandantes las únicas herederas de Ramón Ortiz. La parte demandante, representada por su abogado Sr. Cervoni se opuso a la presentación del documento, por entender que tal extremo hubiera sido pertinente en una excepción previa. La Corte admitió el documento para

darle el valor probatorio que tuviera y el abogado Sr. Cervoni tomó excepción.''

Sin ninguna otra cosa más específica en forma de objeción, y en vista de los varios fines para los cuales el documento fué ofrecido, el error, de haber alguno al admitirlo, apenas si puede considerarse como fundamento para la revocación.

[3, 4] La negativa a eliminar una parte de la declaración de Jesús Ortiz y las circunstancias en que esto ocurrió, se indican en la siguiente cita:

''Que sabe que su padre en unión de Tiburcia Susana Laviena, le vendieron una finca al señor Ricardo Ramos, lo que le consta porque su padre cuando le fué a vender la finca a Ricardo Ramos, le llamó la atención a Susana Laviena, que necesitaba que le diera la firma para vender la finca, porque él se había dado un golpe y no podía trabajar, y ella le dijo que sí, que podía vender la finca para sostenerse ya que no podía trabajar, y le vendieron la finca, haciendo una escritura como al mes más o menos de haber tenido esa conversación, aquí en Humacao; que la escritura se hizo en Humacao y Susana Laviena hizo un viaje desde su casa a Humacao, hecho que le consta porque se lo dijo su papá.

''El abogado de la parte demandante solicita sea eliminada la declaración del testigo con respecto al particular, porque los hechos los conoce por habérselos dicho su papá, y ser *hearsay*. El abogado de la parte demandada señor Aponte, se opone a la solicitud de eliminación, porque de acuerdo con el párrafo cuarto del artículo 35 de la Ley de Evidencia, se trata de la declaración hecha por un difunto a una persona que trae causa y derecho de la persona que le hizo tal manifestación y la cual ha fallecido; pero el abogado defensor retira la oposición, para hacer entonces las siguientes preguntas:

¿Su padre vive o murió?—Testigo: Murió.—¿Cuánto tiempo tiene de muerto?—Dos años.—¿Alguna vez usted habló con su padre de usted, con respecto a la finca esa que es hoy de don Ricardo Ramos?—Sí señor; si vivíamos allí juntos.—¿Le comunicó él a usted que le había vendido la finca al señor Ricardo Ramos?—Sí señor. —Lcdo. Cervoni: ¿Quién le dijo a usted eso, Ricardo Ramos?—No señor; yo lo sé porque vivía en el mismo sitio, y mi papá me lo

dijo.—¿Su papá le dijo qué?—Que vendió esa finca a Ricardo Ramos.—Solicitamos ahora la eliminación de esta parte de la declaración del testigo, porque el testigo sabe que el padre vendió la finca, porque él mismo se lo dijo.—Hon. Juez: La Corte declara sin lugar la moción de eliminación, visto el apartado cuarto del artículo 35 de la Ley de Evidencia.—Lcdo. Cervoni: Con nuestra excepción.''

Que Ramón Ortiz y Santiago otorgó una escritura de venta de la propiedad en cuestión, es un hecho no negado en el caso. En cuanto a la venta hecha por él, el error, de existir alguno, no era perjudicial. La moción como fué presentada no parece tener más alcance que éste.

La moción original había sido retirada. No había nada en las cuestiones que siguieron, ni en la moción como fué hecha nuevamente, que indicara que el abogado pretendía incluir las manifestaciones hechas acerca de la participación de la esposa en la venta, ni siquiera establecer una excepción a la regla de evidencia invocada por el demandado. En realidad probablemente pareció tanto a la corte como al abogado que las objeciones se hicieron exclusivamente contra los testigos que hablaban de los actos del difunto padre. El juez sentenciador tenía derecho a saber en qué fundamento, de haber alguno, la moción como fué presentada finalmente se basaba.

Las cuestiones que se pretenden alegar en apelación deben ser claramente levantadas en la corte inferior y las resoluciones dictadas sobre cuestiones que no son presentadas francamente no serán examinadas por esta corte para los fines de una revocación sobre fundamentos más o menos técnicos.

El error alegado en el cuarto señalamiento no consta que haya sido considerado formalmente por los apelantes y no es necesario que se discuta.

La prueba en conjunto no revela un error tan manifiesto en su apreciación que requiera la revocación de la sentencia.

*Debe confirmarse la sentencia apelada.*