LARGÉ & ACEVEDO, demandante y apelado, *v.* JORGE CLEMENTE FERNÁNDEZ HOARD y ANGELA MARGARITA FERNÁNDEZ HOARD, por sí y como sucesores y causahabientes de su padre CLEMENTE FERNÁNDEZ BARRETO, demandados y apelantes.

No. 4352.—*Visto:* Enero 25, 1928. *Resuelto:* Julio 10, 1928.

*M. Acosta Velarde,* abogado de los apelantes; *Juan B. Soto,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Este pleito fué establecido por la firma de abogados Largé & Acevedo contra Jorge Clemente Fernández Hoard y su hermana Angela Margarita de los mismos apellidos en cobro de servicios prestados a ellos en las particiones de bienes que heredaron de su madre y luego de su padre y por trabajos preparatorios a tal fin.

Las catorce partidas que integran la reclamación en este caso fueron aprobadas por la corte sentenciadora con rebaja en algunas de ellas y contra la sentencia condenatoria alegan los demandados-apelantes seis motivos de error.

En el primero se dice que ni la demanda ni la prueba aducen hechos en contra de la apelante Angela Margarita Fernández Hoard porque siendo ella casada ha debido ser demandada con el concurso de su marido; cuestión que hemos decidido en sentido contrario al alegado error al considerar la apelación en el caso No. 4351 de la misma firma demandante contra Angela Margarita Fernández Hoard, decidido en el día de hoy.

En los motivos segundo y tercero admiten los apelantes que deben pagar las escrituras de partición cuyo cobro se les reclama pero sostienen en estos dos motivos que no tienen que pagar cantidad alguna por preparación, estudio, actuación y trabajos previos para el otorgamiento de la escritura de partición de los bienes que han heredado de la madre y después del padre, porque todos estos trabajos son parte de esas mismas escrituras y son necesarios para poder redactarlas el notario, por cuyo otorgamiento cobra de acuerdo con el arancel notarial.

La cuestión que ahora promueven los apelantes en esos dos motivos no fué planteada por ellos en la corte inferior al contestar la demanda pues se limitaron a impugnar esas reclamaciones por excesivas, por lo que podríamos prescindir de considerarlas por haberse suscitado por primera vez en esta apelación (Laviena v. Ramos, 35 D.P.R. 239), pero como no son procedentes diremos, concretándonos al caso que tenemos ante nosotros, que antes que un notario redacte una escritura de partición de bienes hereditarios y de ser firmada por los interesados, generalmente, son necesarios estudios de antecedentes, de títulos, de examen del registro de la propiedad, de la naturaleza de los bienes, de operaciones aritméticas y de la mejor distribución y adjudicación de los bienes entre los herederos para que unos no sufran per-

juicio en beneficio de otros, suscitándose con frecuencia cuestiones entre los interesados que dilatan la redacción de la escritura y que obliga muchas veces a hacer varios proyectos de partición; trabajos que son precedentes a la escritura que firman las partes y que es la única para la cual el arancel notarial fija precio, por lo que el estudio preparatorio es un trabajo distinto de la redacción u otorgamiento de la escritura y debe ser pagado independientemente de lo fijado por el arancel para la escritura. El caso de un notario que sólo tenga que redactar la escritura porque se le entrega hecho el proyecto de partición, es distinto. Sentencia del Tribunal Supremo de España del 26 de marzo de 1896, inserta en el Diccionario de Alcubilla, Anuario de 1897, pág. 159. Sarzoso sobre teoría y práctica de la redacción de instrumentos públicos, edición de 1887, pág. 46. La cita que hacen los apelantes de una sentencia del Tribunal Supremo de España de fecha 15 de junio de 1900 no tiene aplicación a este caso porque lo que ella resolvió fué dejar sin efecto por falta de jurisdicción en el tribunal contencioso administrativo la resolución dictada por éste en un recurso de queja promovido contra un notario.

Los motivos cuarto y quinto alegados pueden agruparse porque los dos se fundan en que la corte inferior abusó de su poder discrecional al fijar la cantidad de $2,000 para dichos trabajos preparatorios de la partición de bienes de la madre de los apelantes y en $1,000 para igual clase de trabajo en la partición de los bienes del padre.

La cuantía de la partición de bienes de la madre de los apelantes era de algo más de $129,000, y según la prueba los bienes se componían de 36 fincas de algunas de las cuales no fueron encontradas las escrituras por lo cual el abogado-notario de la firma demandante tuvo que examinar el registro de la propiedad para conocer el título de ellas; y como existían fincas en varios municipios tuvo que examinar los libros correspondientes a las poblaciones de Río Grande, Loíza Trujillo Alto y Carolina, tomando las notas

correspondientes después de varios días de busca en dichas oficinas, habiendo fincas que tenían por lo menos 19 inscripciones. En cuanto a la partición de los bienes del padre, que envolvía un capital de $74,000, hubo trabajo parecido al anterior aunque no tanto. Con la demanda fueron acompañadas varias escrituras de esos trabajos y después de haber declarado el abogado-notario de la firma demandante aceptaron los demandados que si los peritos del demandante declarasen dirían que las cantidades que se reclaman en este pleito tienen el valor razonable que se les asigna en la demanda.

En vista de lo expuesto no encontramos motivo suficiente para declarar que la corte sentenciadora cometió manifiesto abuso de discreción al fijar las cantidades a que se refieren esos dos motivos de error.

El sexto y último motivo de la apelación es por la imposición de costas, pero se funda y se resuelve en los mismos motivos expuestos en el recurso No. 4351, decidido hoy.

La sentencia apelada debe ser *confirmada*.

El Juez Asociado Señor Texidor no intervino.