OLGA MÉNDEZ, demandante, apelada y apelante, *v.* FÉLIX KRAIDMAN y su esposa RAQUEL DE KRAIDMAN, demandados, apelantes y apelados.

Núm. 8829.—*Sometido:* Marzo 8, 1944. *Resuelto:* Marzo 24, 1944.

*Antonio Reyes Delgado* y *Géigel & Silva,* abogados de los apelantes apelados; *Eduardo Pérez Casalduc,* abogado de la apelada apelante.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La demandante reclama la suma de $6,000 como indemnización por daños que dice le fueron causados por la injuria y calumnia de los demandados. Alega en su demanda que ella era empleada de los demandados, como dependiente, en el establecimiento comercial "Lolita's Dress Shop", en Arecibo, del que es propietario el demandado Félix Kraidman y administradora su esposa la demandada Raquel de Kraidman; que el 21 de julio de 1942, estando la demandante sirviendo como cajera en dicha tienda, en el momento en que hacía una nota de artículos comprados por una cliente, se acercó la demandada y requirió a la demandante para que le entregara la nota que escribía para ser entregada a la cliente; que la demandada procedió entonces a constatar la nota con el precio de los objetos vendidos a la cliente y

al notar que el valor de la mercancía sumaba $17.25 y que el valor total de la nota era de $15.55, no obstante haberle llamado la atención la demandante hacia el hecho de que la discrepancia no aparecía en la nota que ella había preparado para la contabilidad de la casa, la demandada Raquel de Kraidman le dirigió a la demandante, en presencia de la cliente y de otra empleada del establecimiento, las frases siguientes: "Tú eres una falsificadora y una ladrona, lárgate ahora mismo"; que la demandante fué a ver al demandado Félix Kraidman y le contó lo ocurrido y éste, después de hablar con su esposa, le dijo a la demandante que su esposa tenía razón y la despidió de su empleo; que pocos días más tarde, en la oficina del Departamento del Trabajo, el demandado se avino a pagar a la demandante la suma reclamada por ésta, pero al hacerlo, en presencia de los empleados del Departamento y refiriéndose a la demandante, dijo: "Esta es una oficina para proteger pillos."

Los demandados negaron en su contestación todos los hechos esenciales de la demanda, y en relación con el alegado incidente, expusieron en síntesis lo siguiente:

Que la empleada Elba González fué la que vendió a la cliente efectos por valor de $17.25 y preparó una nota por esa misma cantidad, pasándola a la demandante para su cobro; que cuando la demandante se disponía a cobrar, la cliente pidió le dieran una nota para mostrársela a su esposo y Elba González procedió a hacerla de memoria, pues la nota original la tenía la cajera; que debido a eso la nota así preparada resultó con un total menor que el de la nota original y la cliente se quejó; que entonces la demandada recriminó a Elba por haber preparado una nota de memoria y para satisfacción de la cliente ordenó que se abriera el paquete y se hiciera una nota de los efectos comprados; que en ese momento intervino la cajera, la demandante, alegando que la nota legítima era la que ella tenía, a lo que la señora Kraidman replicó: "Si ésa es una nota legítima, hay acaso alguna falsificada"; que la demandada recriminó a la

demandante por la forma en que la estaba tratando y entonces la demandante le dijo a la demandada: "Usted es una torpe, cuando usted ve dinero se vuelve loca".

La Corte de Distrito de Arecibo dictó sentencia a favor de la demandante concediéndole la suma de $400, más las costas y $75 para honorarios de su abogado. Apelaron ambas partes y por estipulación de éstas ambos recursos fueron sometidos por el mismo récord taquigráfico y transcripción de autos radicados por los demandados apelantes.

1. En apoyo del recurso por ellos interpuesto los demandados alegan que la corte sentenciadora erró al apreciar la evidencia; que la demandante no presentó prueba alguna de los daños que alega haber sufrido; y que la sentencia recurrida es contraria a derecho y a la prueba.

 Hemos analizado cuidadosamente toda la evidencia. La aducida por la demandante es a nuestro juicio suficiente para sostener las alegaciones de la demanda. También lo es la presentada por los demandados para sostener sus defensas. La prueba es, pues, contradictoria, y es a la corte sentenciadora, que vió y oyó declarar a los testigos de una y otra parte, a quien la ley ha encomendado la delicada misión de dirimir el conflicto que surge de toda la prueba. La corte inferior resolvió el conflicto en contra de los demandados, porque "quedó convencida de que las frases calumniosas fueron dichas" y de que la demandada señora Kraidman actuó en forma injustificada. Bajo tales circunstancias y no habiéndose imputado al juez sentenciador pasión, prejuicio o parcialidad en la apreciación de la evidencia, ni la comisión de error manifiesto al apreciarla, es nuestro deber respetar su fallo.

 Las frases proferidas por los demandados eran calumniosas *per se,* porque con ellas se imputaba a la demandante la comisión de los delitos de falsificación y hurto en relación con la venta de efectos y la preparación de la nota de los efectos vendidos. La ley presume que la mera publicación de frases de esa naturaleza es suficiente para causar

daño a la parte agraviada, y ésta no está obligada a probar daños positivos (*actual damages*). *Casanova* v. *González Padín,* 47 D.P.R. 488; 36 C.J 1204; *Jiménez* v. *Díaz Caneja,* 14 D.P.R. 9; 37 C.J. pág. 115, pár. 564; Jaggard *on Torts,* Tomo 1, pág. 487; 17 R.C.L. 264; *Rivera* v. *Martínez,* 26 D.P.R. 760.

▇ 2. El recurso interpuesto por la demandante se basa en que a su juicio la suma de $400 que le fué concedida es insuficiente para compensar los sufrimientos morales y daños positivos que le fueron causados por los demandados.

La corte inferior al fijar la cuantía de la indemnización hizo constar que las razones que tenía para no conceder una suma mayor eran, primera, que no se trataba de una calumnia deliberada de antemano con el propósito de difamar; segunda, que los demandados son personas de escasos recursos y una suma mayor les sería muy gravosa; y, tercera, porque aún cuando la demandante fué humillada, el acto de los demandados no le ha impedido colocarse de nuevo, ya que los mismos demandados trataron de que ella volviera al establecimiento. La suma concedida es en verdad baja, pero tomando en consideración las razones que tuvo la corte para no hacerla mayor, no creemos que pueda decirse que la corte sentenciadora haya hecho mal uso de su discreción.

*La sentencia recurrida debe ser confirmada.*