Juan Vélez Ríos, demandante y apelante, *v.* José Toraño, demandado y apelado. El Mismo, demandante y apelado *v.* El Mismo, demandado y apelante.

Núms. 8785 y 8790.—*Sometidos:* Enero 14, 1944. *Resueltos:* Marzo 28, 1944.

*J. Córdova Rivera,* abogado del demandante, apelante y apelado; *An-tonio Suliveres, Jr.,* abogado del demandado, apelado y apelante.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El demandante, su esposa, su pequeño hijo y el demandado vivían todos juntos en una casa propiedad del último donde éste tenía almacenada cierta cantidad de café. El demandante trabajaba como peón del demandado por un sueldo de $5 mensuales además de casa y comida para él y su familia, que le suministraba el demandado.

En la mañana del 15 de febrero de 1941, el demandante fué al pueblo de Utuado a entregar al Sr. Roses una leche que le enviaba el demandado. Entregada la leche, cuando el demandante regresaba a su casa, al pasar frente al edificio del Banco, el demandado señalando al demandante le dijo a un policía que el demandante era el que le había hurtado una cantidad de café. Se aglomeró mucha gente en aquel sitio y

aunque el demandante negó la imputación que le hacía el demandado, el policía lo arrestó y juntos los tres, el policía, el demandante y el demandado, se dirigieron al cuartel de la policía. En el cuartel el demandado insistió en que el demandante le había hurtado el café y lo había entregado a dos personas que mencionó, para que lo vendieran. Como el demandante se negó a admitir su culpabilidad y por el contrario insistía en que era inocente, la policía lo condujo a la cárcel municipal donde permaneció preso hasta el día siguiente en que la misma policía lo puso en libertad después de examinar las personas que según el demandado habían participado en la transacción. El demandante, tan pronto fué puesto en libertad, fué a buscar su esposa e hijo yéndose a vivir con su suegro en un barrio de Adjuntas, rehusando la invitación que le hacía el demandado para que se quedara en su empleo.

Declaró el demandado que él no había imputado delito alguno al demandante; que al notar que le faltaba algún café en su casa, dió cuenta a la policía; que ésta le preguntó sobre las personas que tenían acceso al café; que como el demandante vivía en la misma casa donde se almacenaba dicho producto, dió su nombre a la policía, pero como ésta no lo conocía, el demandado le enseñó quién era el demandante. Que el demandado se marchó para su finca quedando el demandante en el cuartel, y que no fué hasta el día siguiente que se enteró que el demandante había sido reducido a prisión. Admitió el demandado que el demandante era una buena persona y que él le había aconsejado que no abandonase su colocación.

Alegó el demandante que nunca había sido convicto de delito alguno y que con motivo de la conducta del demandado no había podido conseguir desde entonces una colocación adecuada, por lo que había sufrido daños y perjuicios en la cantidad de cinco mil dólares.

La corte dió crédito a la evidencia del demandante y condenó al demandado a pagarle la cantidad de trescientos dólares por concepto de daños y perjuicios, más cincuenta dóla-

res de honorarios de abogado. Ambas partes apelaron: el demandante, por entender que la compensación concedídale era insuficiente, y el demandado porque según él no debió haberse declarado con lugar la demanda.

Discutiremos en primer término el recurso interpuesto por el demandado.

■ Se queja éste de que la corte no suspendió la vista del caso al no comparecer el policía que el día antes del juicio había solicitado de la corte ordenase su citación. La corte ordenó la citación pero debiendo ser esta diligencia por conducto de sus jefes en el cuartel general, y no sabiendo el demandado la dirección del policía en aquella fecha, parece que el testigo no pudo ser oportunamente localizado. La corte preguntó al demandante si estaba dispuesto a acceder a la suspensión solicitada por el demandado, a lo cual se negó aquél alegando que el caso hacía más de un mes había sido señalado, y la corte, atendiendo a las razones del demandante, rehusó suspenderlo. El demandado fué manifiestamente negligente al esperar hasta el día anterior al señalado para el juicio para solicitar la orden de citación del policía. Dentro de las circunstancias del caso, la corte no hubiera hecho buen uso de su discreción decretando la suspensión con la oposición del demandante, quien, como hemos visto, es un hombre sumamente pobre por lo que dicha suspensión necesariamente habría de serle muy onerosa, a menos que el demandado se hubiese obligado a indemnizarle los gastos que él y sus testigos habían tenido para trasladarse a Arecibo. Claro es que esa oferta de compensación no hubiera obligado a la corte ni tampoco al demandante a acceder a la petición del demandado, pero quizás hubiera inducido a éste a acceder a la suspensión solicitada.

■ Si como declaró el demandado, el demandante era un hombre honrado a tal extremo que quiso retener sus servicios después de lo sucedido, no se explica cómo el demandado, en vez de investigar el asunto a solas con el demandante,

actuase como lo hizo, sin tener en cuenta que sus imputaciones eran escuchadas por el público que se aglomeró en la calle y que con ello indefectiblemente perjudicaría la reputación del demandante. A nuestro juicio quedaron establecidos los elementos esenciales de la causa de acción, a saber: la malicia y la publicación. La primera surge claramente del hecho de haberle imputado al demandante el delito de hurto sin que existiera causa probable; y la segunda quedó establecida, no sólo por haber hecho la imputación en presencia de las personas que se congregaron en la calle, *Casanova* v. *González Padín Co.*, 47 D.P.R. 488, si que también cuando como declaró la esposa del demandante, el propio demandado le manifestó a ella que el demandante se hallaba preso por haber hurtado el café. *Lane* v. *Schilling*, 279 Pac. 267, 65 A.L.R. 1042, y Monografía en 69 A.L.R. 1023.

■ Se queja el demandado de que la corte basó su sentencia en la declaración del testigo Hernández quien, según declaró aquél, era un cómplice por ser la persona a quien el demandante había entregado el café para la venta. Del récord no aparece que la corte basase su sentencia exclusivamente en la declaración de Hernández. Haciendo caso omiso de ella, la prueba directa del demandante, a quien la corte dió entero crédito, bastaría para sostener la sentencia. Además del demandante y Hernández otros testigos declararon por el demandante, tales como la esposa de éste y el Alcaide de la Cárcel de Utuado; pero aparte de esto, debemos aclarar que el testigo Hernández no era tal cómplice, pues si bien el demandado imputó al demandante un delito de hurto, en el presente caso no trató de sostener la comisión de ese delito y por el contrario declaró, como hemos visto, que el demandante era un hombre honrado. Si el propio demandado sostuvo que no hubo delito, no pudo existir un cómplice.

■ Considerando ahora el recurso interpuesto por el demandante, no vemos cómo podamos aumentar la indemnización que le fué concedida. Su salario era de cinco dólares

344

mensuales más casa y comida, y aunque dice que no ha conseguido después una colocación adecuada, sin que sepamos cuál sea la compensación de la que consiguió, no vemos cómo la que ahora pueda tener sea peor remunerada que la que tenía antes de la calumnia de que alega haber sido objeto.

No debemos cerrar esta opinión sin censurar la conducta ilegal de la policía al arrestar y encarcelar un ciudadano sin llevarlo previamente ante un magistrado y obtener la correspondiente orden de encarcelación.

*Procede a nuestro juicio declarar sin lugar ambos recursos y confirmar la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.