MANUEL RAMÓN PURCELL, demandante y apelado, *v.* MARÍA PORRATA e ISABEL CRESPO, demandadas y apelantes.

Núm. 9076.—*Sometido:* Mayo 7, 1945. *Resuelto:* Julio 6, 1945.

*Juan Nevárez Santiago,* abogado de las apelantes; *Rafael Hernández Matos,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La cuestión primordial envuelta en este recurso es si procede una acción de desahucio en precario contra una mujer casada, sin hacer parte demandada al marido, cuando no se alega en la demanda que ella está viviendo separada o alejada de su marido por haber sido abandonada por éste.[1] Los hechos son los siguientes:

En 9 de agosto de 1944 Manuel Ramón Purcell radicó demanda de desahucio contra María Porrata e Isabel Crespo ante la Corte de Distrito de Ponce, alegando que ellas están

---

[1] El artículo 54 del Código de Enjuiciamiento Civil dispone:

"Cuando una mujer casada es parte en un litigio, necesita del concurso de su marido, excepto:

"1. Cuando la acción ejercitada concierna a sus bienes propios, o a su derecho o pretensión a la propiedad de *homestead,* podrá demandar o ser demandada por sí sola.

"2. Cuando la acción sea entre ella y su marido, podrá demandar o ser demandada sola.

"3. Cuando esté viviendo separada o alejada de su marido, a causa de haber sido abandonada por éste, podrá demandar o ser demandada sola."

Aun cuando las Reglas de Enjuiciamiento Civil no son aplicables a las acciones de desahucio observamos que la Regla 17(*d*) es idéntica al artículo citado.

detentando la posesión material, sin pagar canon ni merced alguna, en contra de la voluntad del demandante, de una casa que se describe. Señalada la primera comparecencia para el siguiente 18 de agosto, se expidió la correspondiente citación, la cual fué diligenciada por persona particular, quien al no encontrar a María Porrata emplazó a su sirvienta Isabel Crespo como encargada de la propiedad, todo ello de acuerdo con los preceptos de la Ley de Desahucio. Contestaron las demandadas alegando María Porrata la falta de jurisdicción de la corte en cuanto a su persona por ser tanto el emplazamiento como su servicio contrario a la ley, negando ambas los hechos esenciales de la demanda, y como defensa especial alegaron tener un derecho de habitación sobre la casa objeto del litigio mientras viviera Guillermo Oppenheimer, esposo de la demandada María Porrata, cuyo derecho les daba título para ocupar la propiedad.

El 25 de agosto se celebró la segunda comparecencia con asistencia de las partes, practicándose prueba testifical y documental, y quedando el caso sometido sin argumentación. En 31 de agosto la corte de distrito dictó sentencia declarando con lugar la demanda, y las demandadas apelaron y en este recurso alegan que la corte cometió error: (1) al no declarar con lugar la defensa de falta de jurisdicción por no haberse emplazado a María Porrata por conducto de su esposo Guillermo Oppenheimer, y por no haberse hecho a éste parte demandada y (2) al no declarar que existía un derecho de habitación sobre la propiedad.

En cuanto a que la demandada María Porrata no fué emplazada por conducto de su esposo, ningún precepto legal han citado los apelantes; y ninguno conocemos, que exija tal cosa. El artículo 93 del Código de Enjuiciamiento Civil sí exige que la citación se haga al demandado personalmente, salvo las excepciones que menciona en cuanto a corporacio-

nes, menores de edad, incapacitados y el Gobierno. Y aun a los menores e incapacitados también hay que emplazarlos personalmente.(²)

Desde luego que la excepción establecida por la propia Ley de Desahucio en su artículo 4 (Artículo 623 del Código de Enjuiciamiento Civil) (³) en cuanto a emplazamientos constructivos en dichas acciones, tampoco sostiene la contención de los apelantes.

En lo que sí tienen razón, a nuestro juicio, es al sostener que, siendo la demandada María Porrata una mujer casada al no haberse hecho parte demandada al marido, la corte inferior no adquirió jurisdicción para dictar sentencia en su contra.

Es cierto que en la demanda no se alegó que la demandada María Porrata es una mujer casada, empero este hecho fué admitido por la parte demandante al discutirse la cuestión legal planteada por las demandadas y además quedó probado durante el juicio. La corte inferior declaró probado que "Guillermo Oppenheimer no reside en dicha casa, sino que reside *indistintamente en San Juan y Ponce. 'Va y viene,'* como dijo en la silla testifical." Fué a base de esta conclusión que resolvió que es la demandada María Porrata la que está detentando la casa en compañía de su sirvienta Isabel Crespo.

Independientemente de si esta conclusión está sostenida por la prueba, no es el hecho de si el marido de la demandada va y viene de Ponce a San Juan, en otras palabras, si reside permanentemente en la casa de Ponce, lo que cons-

---

(²)La Regla 4(d) (1) de las Reglas de Enjuiciamiento Civil establece una nueva forma cuando el demandado ha designado un agente para recibir emplazamientos.

(³)El artículo 4 de la Ley de Desahucio (Art. 623 del Código de Enjuiciamiento Civil) dispone:

"Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario en el Código de Enjuiciamiento Civil, y presentada aquélla, se mandará convocar al actor y al demandado para una comparecencia que deberá celebrarse dentro de los diez días siguientes al en que se presente la reclamación.''

tituye el nervio de la cuestión. A falta de alegación y prueba en contrario la ley no sólo presume que la mujer casada vive con su marido, sino que expresamente dispone que "Los cónyuges están obligados a vivir juntos . . ." y la mujer está obligada " . . . a seguir a su marido dondequiera que fije su residencia." Artículos 88 y 90 del Código Civil. Por tanto aun cuando los esposos Oppenheimer residan parte del año en San Juan y la otra en Ponce, el hecho de que la esposa en cualquier momento estuviera ella sola ocupando la casa objeto de esta acción, a los efectos legales está siendo ocupada por ambos.(⁴)

En ningún caso hasta ahora resuelto por esta Corte interpretando el artículo 54 del Código de Enjuiciamiento Civil, supra,(⁵) se ha presentado una situación de hechos igual o similar a la del caso de autos. Y es que la cuestión es rudimentariamente clara. Pretender desahuciar a una mujer casada, que no está separada de su marido, de la casa que ambos ocupan, sin hacer parte al marido, sería una pretensión inútil ya que el marido continuaría ocupando la propiedad y su esposa tendría no sólo el derecho, sino la obligación de continuar viviendo con él. El marido es, no sólo una parte necesaria sino una parte demandada indispensable en la acción. No importa que las demandadas ante la corte inferior arguyeran, erróneamente, que sólo atacaban la suficiencia del emplazamiento por el hecho de no haber sido citada la demandada María Porrata a través de su esposo. De acuerdo con el artículo 54, supra, María Porrata no podía ser demandada sin el concurso de su marido. Por la excepción previa contenida en la contestación implícitamente quedó planteada la cuestión de que el marido de la

(⁴)De hecho cuando se diligenció el emplazamiento en este caso la demandada María Porrata no estaba en la casa de Ponce y sí con su esposo en San Juan.

(⁵)En su mayoría han sido casos en reclamación de daños y perjuicios o solicitando el cumplimiento de un contrato y en los cuales se ha resuelto cuándo procede la acción a favor o en contra de la sociedad de gananciales y cuándo a favor o en contra de la mujer casada por tratarse de sus bienes privativos.

demandada era una parte indispensable en la acción. Y la prueba presentada demostró que así era en verdad.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos.*