El Juez Asociado Sr. De Jesús no intervino.

Jesús Díaz Ortiz, demandante y apelado, *v.* Baudilio Ayala, demandado y apelante.

Núm. 9646.—*Sometido:* Mayo 3, 1948. *Resuelto:* Junio 15, 1948.

*A. L. López,* abogado del apelante; *L. Torruella Méndez,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La corte inferior declaró con lugar la demanda sobre daños y perjuicios por injuria y calumnia y condenó al demandado a pagar al demandante la suma de $200, más las costas y $100 de honorarios de abogado. El demandado apeló y alega que la corte erró al resolver que la demanda aduce hechos constitutivos de una causa de acción; al declarar con lugar la eliminación del párrafo segundo de las defensas especiales alegadas por el demandado; al apreciar la prueba; y al condenar al demandado a pagar las costas y honorarios de abogado.

En la demanda se alegó, en síntesis, que el demandante Jesús Díaz Ortiz era un medianero del demandado Baudilio Ayala en una finca en el Barrio Cagüitas de Aguas Buenas; que el 23 de febrero de 1943 el demandado se personó en la residencia del demandante y preguntó: "¿Está el pillo ése ahí?"; que Dolores Díaz le contestó preguntando que a quién se refería y el demandado entonces manifestó: "Me refiero a su padre que se cree que esta finca es de él y me está robando todo lo que tengo aquí, ayer mismo me descargó una palma de cocos, le puede decir a su padre que si no se larga de aquí lo voy a llevar a los tribunales para probarle que no es nada más que un pillo"; que mientras esto ocurría se reunió en el sitio numeroso público enterándose de lo que sucedía; que al día siguiente el demandante fué arrestado por un policía insular, por un supuesto delito de hurto de menor cuantía y conducido a la Cárcel Municipal de Aguas Buenas, donde permaneció hasta que prestó fianza; que el demandante fué denunciado por un delito de

hurto menor por haberle hurtado cuatro cocos de la propiedad del demandado; que a solicitud del demandado fué nombrado fiscal especial el Lic. Antonio L. López, quien representó a El Pueblo de Puerto Rico en la vista del caso criminal contra el demandante; que durante la celebración del juicio el demandado declaró que el demandante había hurtado cuatro cocos de su finca, manifestando en voz estentórea: "Él fué el que me robó los cocos"; que el demandante no sometió prueba de defensa y fué absuelto del delito que se le imputaba; que la imputación de hurto hecha por el demandado al demandante el 23 de febrero de 1943 en el Barrio Cagüitas de Aguas Buenas y el 7 de septiembre de 1943 en corte abierta, y además sometiéndole a una encarcelación bochornosa, ha causado daños considerables a la reputación del demandante, los cuales detalla y estima en $3,000.

Una somera lectura de la demanda bastará para demostrar que carece de méritos el primer error señalado. Si bien es cierto que la corte inferior al resolver el caso en su fondo erróneamente aplicó al de autos nuestra jurisprudencia sobre casos de persecución maliciosa, eso no significa[1] que la demanda no aduzca hechos suficientes en una acción basada en la Ley de 19 de febrero de 1902 (Compilación Estatutos y Códigos de 1941, pág. 822), para autorizar pleitos civiles por daños y perjuicios ocasionados por libelo y calumnia. En su alegato el apelante cita la Ley núm. 49, aprobada el 9 de marzo de 1911 (pág. 172), para definir y castigar el delito de calumnia e injuria, y arguye que la demanda no llena los requisitos exigidos por esta ley. No tiene razón el apelante. La acción civil es independiente de la criminal y además, de acuerdo con las dos leyes citadas, las alegaciones requeridas en una denuncia o acusación por el delito de calumnia, no son necesariamente las mis-

---

[1]La apelación se da contra la sentencia y no contra los razonamientos de la opinión de la corte.

mas que deban hacerse en una demanda de daños y perjuicios por injuria y calumnia. *Cf. Díaz v. P. R. Ry., Lt. & P. Co.,* 63 D.P.R. 808.

■ La sección 3 de la Ley de 1902, supra, en parte, dispone que "Se entiende por calumnia *la publicación falsa y no privilegiada,*(²) que no sea un libelo, y que impute a una persona la comisión de un hecho constitutivo de delito. . . ." En la demanda se alega que el demandado imputó en público al demandante que era un pillo, que le estaba robando en su finca, y específicamente unos cocos. Independientemente de las demás alegaciones, estos hechos son suficientes para constituir la causa de acción alegada.

■ No se cometió el primer error señalado y tampoco el segundo, ya que el apelante se limita a exponerlo, y en un corto párrafo a expresar que la malicia es un elemento esencial de esta acción. Aceptando, sin resolverlo, como hicimos en el caso de *Díaz v. P. R. Ry., Lt. & P. Co.,* supra, pág. 812, que la malicia sea un requisito, al igual que en dicho caso, en el de autos las manifestaciones hechas por el demandado contra el demandante, según se exponen en la demanda, son difamatorias *per se. Casanova v. González Padín Co.,* 47 D.P.R. 488; *Mulero v. Martínez,* 58 D.P.R. 321; *Méndez v. Kraidman,* 63 D.P.R. 281; *Díaz v. P. R. Ry., Lt. & P. Co.,* supra. Aun aceptando que la corte erró al ordenar la eliminación de un párrafo de la defensa especial expuesta por el demandado en su contestación, al efecto de que él nunca ha tenido animosidad contra el demandante y que intercedió con el abogado Antonio L. López para que no lo denunciara en otro caso de hurto de unos alambres, dicho error no fué perjudicial, ya que en el juicio la corte permitió al abogado del demandado interrogar al demandante sobre dicho incidente.

■ Alega el apelante en su tercer señalamiento que la

(²)En el caso de *Díaz v. P. R. Ry., Lt. & P. Co.,* supra, pág. 812, escolio (1º.), corregimos la traducción errónea de la frase en bastardillas.

corte erró al apreciar la prueba y que demostró parcialidad al no considerar ni aplicar la evidencia del demandado.

Hemos examinado detenidamente toda la prueba aportada por las partes y somos de opinión que la del apelado, creída por la corte, es suficiente para sostener la sentencia. Ella demostró no sólo que el demandado llamó pillo al demandante imputándole haberse robado unos cocos, sino que directamente intervino para que fuera arrestado y denunciado por el delito de hurto menor, del cual fué absuelto.[3]

██ Por último, se queja el apelante de la inmposición de costas y honorarios de abogado incluídos en la sentencia. También carece de méritos el error. La sección 7 de la Ley de 1902, supra, dispone, en parte, que "Si el fallo resultare a favor del demandante, incluirá las costas y una suma razonable de honorarios de abogado, tasados por la corte. . . ."[4] No creemos que la concesión de $100 de honorarios sea irrazonable, no obstante la exigua cantidad concedida como indemnización.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.

---

[3]Fué sin duda este aspecto del caso el que indujo a la corte inferior a tratar, en parte, el caso como uno de persecución maliciosa.

[4]De nuevo hemos corregido la traducción errónea que existe en el texto español.