Águeda Rivera, representada por su madre con patria potestad Ana Rivera, demandante y apelada, *v.* Justa de Martínez, demandada y apelante.

Núm. 9950.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 14, 1949.

*G. Cruzado Silva,* abogado de la apelante; *Diego O. Marrero,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El presente es un pleito de daños y perjuicios basado en calumnia y arresto ilegal. La demandante, que estaba empleada para los oficios domésticos por la demandada, una mujer casada, alegó (1) que en presencia de un detective la demandada la acusó de haberle hurtado su reloj pulsera, y (2) que fué arrestada por este supuesto delito a solicitud de la demandada. Celebrado el juicio en los méritos, la corte de distrito dictó sentencia a favor de la demandante concediéndole $300 como daños por calumnia y $300 por el arresto ilegal.

En apelación, el primer error señalado es que el esposo de la demandada debió haber sido incluído como demandado. Su teoría es que en efecto el caso va dirigido contra la sociedad de gananciales y en consecuencia que la parte que debió ser demandada era su esposo como administrador de la sociedad conyugal.

Los casos de *Flit* v. *White Star Bus Line, Inc.,* 49 D.P.R. 144; *González* v. *White Star Bus Line,* 53 D.P.R. 345; *Torres* v. *Fernández,* 56 D.P.R. 482; *Segarra* v. *Vivaldi,* 59 D.P.R. 803, y *Rivera* v. *Mejías,* 62 D.P.R. 1, citados por la demandada, no son de aplicación. Los mismos envuelven reclamaciones de o contra la sociedad de gananciales. Bajo dichas circunstancias el esposo, como administrador de dicha sociedad, es desde luego la parte que representa la sociedad de gananciales que debe demandar o ser demandada. Y *Cf. Quiñones* v. *Corte,* 59 D.P.R. 438; *Silva* v. *Corte,* 57 D.P.R. 725.

Aquí el punto crucial es que la demandante entabló pleito contra una mujer casada por un supuesto acto torti-

484

cero cometido por la demandada que nada tenía que ver con los bienes gananciales. Toda vez que el pleito envolvía solamente su responsabilidad individual, la esposa podía ser demandada en su propio nombre. Artículos 93, 1310 del Código Civil de Puerto Rico, ed. 1930; Regla 17 (*d*) (1), Reglas de Enjuiciamiento Civil. Véanse *Rivera* v. *Casiano,* 68 D.P.R. 190, 197; *Largé & Acevedo* v. *Fernández,* 38 D.P.R. 511. *Cf. Purcell* v. *Porrata,* 65 D.P.R. 222, 225.

Los errores restantes no ameritan discusión alguna. En sustancia se dirigen a la apreciación que de la prueba hizo la corte de distrito. El récord contiene suficiente evidencia que justifique las conclusiones de hecho de la corte inferior y los daños concedidos por calumnia y arresto ilegal a tenor con los casos en que la corte de distrito se basó. *Moraza* v. *Rexach Sporting Corp.,* 68 D.P.R. 468; *Díaz* v. *Ayala,* 68 D.P.R. 928; *Vélez* v. *Toraño,* 63 D.P.R. 339; *Casanova* v. *González Padín Co.,* 47 D.P.R. 488.

*La sentencia de la corte de distrito será confirmada.*