MARGARITA SEPÚLVEDA, demandante y recurrida, *v.* LIBORIO MALDONADO FEBO, demandado; LUZ DIVINA SANTOS, interventora-peticionaria.

*Número:* O-78-269    *Resuelto:* 19 de marzo de 1979

*Eugenio Rivera Lozada,* abogado de la interventora y peticionaria; *Ramón Bidot Díaz,* abogado de la demandante y recurrida.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En 25 de abril de 1971 el demandado, Liborio Maldonado Febo, dio muerte a tiros a Santos Sepúlveda, hombre de 52 años de edad, en pleno ejercicio de sus facultades físicas y mentales y quien tenía empleo lucrativo a la hora de su muerte. La lectura de las determinaciones de hecho del Juez Superior demuestra que el crimen fue vicioso e innecesario, corolario de una discusión motivada por el estacionamiento de un vehículo de motor, discusión en la que el matador no era parte interesada, ya que la misma se llevaba a cabo entre el occiso y un tal Julio Avilés Rodríguez, persona que no es parte de este pleito y el cual ¹(Avilés Rodríguez) no fue víctima ni victimario en los sucesos que dieron lugar al litigio de autos.

La viuda y los hijos del occiso demandaron al matador en daños por la muerte de su esposo y padre, respectivamente. Visto el caso, el Tribunal Superior declaró con lugar la de-

manda y condenó al demandado a pagarle a la esposa e hijos del occiso la modesta suma de $3,000 a cada uno, para un total de $15,000 más $1,500 para honorarios de abogado.

Para hacer efectiva la sentencia los demandantes embargaron la casa del demandado y se señaló subasta de los bienes del demandado para el 19 de mayo de 1978, por una suma no menor de $39,000. Esa subasta no se celebró. Informa la demandante recurrida en su memorando que no se ha señalado ni celebrado la nueva subasta.

El día 4 de ese mes, Luz Santos, esposa del demandado, presentó moción de intervención alegando que el inmueble embargado era un bien ganancial, que ni ella ni la sociedad de gananciales existente entre ella y el demandado fueron incluidas en el pleito y solicitaba que se determinaran sus derechos en el inmueble antes de efectuarse la subasta. El tribunal de instancia declaró sin lugar esa moción de intervención en 4 de junio de 1978.

Luz Santos, aquí recurrente, hace ante nos los siguientes dos señalamientos de error:

1) Que erró el tribunal de instancia al dictar su Resolución de 14 de junio de 1978 declarando sin lugar la moción de intervención presentada por la recurrente.

2) Que erró el tribunal de instancia al no paralizar la subasta y al no declarar nula la subasta y el embargo o, en la alternativa, al no fijar los derechos de la recurrente por ser dicha propiedad perteneciente a la sociedad de gananciales constituida por el demandado y la recurrente.

Argumenta la querellante que el tribunal de instancia infringió el Art. 1310 del Código Civil, 31 L.P.R.A. sec. 3663. Dicho artículo dispone lo siguiente:

"El pago de deudas contraídas por el marido o la mujer antes del matrimonio no estará a cargo de la sociedad de gananciales.

Tampoco lo estará el de las multas y condenas pecuniarias que se les impusieren.

Sin embargo, el pago de las deudas contraídas por el marido o la mujer con anterioridad al matrimonio, y el de las multas y

condenas que se le impongan, podrá repetirse contra los gananciales después de cubiertas las atenciones que enumera la sec. 3661 [Art. 1308 del Código Civil], si el cónyuge deudor no tuviese capital propio o fuera insuficiente; pero al tiempo de liquidarse la sociedad se le cargará lo satisfecho por los conceptos expresados."

También argumenta la recurrente, y así surge del artículo citado, que para dirigir la multa o sentencia contra un bien ganancial es necesario satisfacer las condiciones del Art. 1308, según enmendado, del Código Civil, 31 L.P.R.A. sec. 3661, el cual lee como sigue:

"Serán de cargo de la sociedad de gananciales:

1. Todas las deudas y obligaciones contraídas durante el matrimonio por cualquiera de los cónyuges.

2. Los atrasos o créditos devengados durante el matrimonio, de las obligaciones a que estuviesen afectos así los bienes propios de los cónyuges como los gananciales.

3. Las reparaciones menores o de mera conservación hechas durante el matrimonio en los bienes peculiares de cualquiera de los cónyuges. Las reparaciones mayores no serán de cargo de la sociedad.

4. Las reparaciones mayores o menores de los bienes gananciales.

5. El sostenimiento de la familia y la educación de los hijos comunes y de cualquiera de los cónyuges.

6. Los préstamos personales en que incurra cualquiera de los cónyuges."

■ Este es un caso clásico en el cual entran en juego los dos artículos del Código Civil antes citados. El caso rector de *Lugo Montalvo* v. *González Mañón*, 104 D.P.R. 372 (1975), pauta una serie de excepciones a la regla general, excepciones que necesitaban solución judicial. Allí, en *Lugo Montalvo*, supra, hicimos responder a la sociedad de gananciales de la condena en daños porque el beneficio económico que se percibía por la mala práctica en cuestión había beneficiado a la sociedad de gananciales y no a uno de sus miembros exclusivamente. Dijimos entonces a la pág. 378:

"Generalmente se reconoce que si la acción o gestión del marido aprovecha económicamente la masa ganancial, la responsabilidad también será de cargo de dichos bienes. Como expresa Scaevola, 'quién está a las ganancias, debe estar a las pérdidas,' precepto que considera que desde muy antiguo rige en materia de sociedad."

■ En el caso de autos por el contrario la condena en daños surge de un acto ilegal, de un crimen, cometido únicamente por el marido. No viene pues, la sociedad ganancial obligada a responder *en primer lugar* económicamente por ese daño a tenor con el Art. 1310 del Código Civil antes citado. *Lugo Guzmán* v. *Santiago Albino,* 87 D.P.R. 623 (1963); *Rivera* v. *de Martínez,* 70 D.P.R. 482 (1949); y *Rivera* v. *Casiano,* 68 D.P.R. 190 (1948).

En vista de lo anterior corresponde dejar sin efecto la Resolución recurrida, ordenando a la Ilustrada Sala Sentenciadora que admita a la recurrente Luz Santos como interventora y que señale y celebre una vista para que las partes diluciden si el demandado tiene bienes propios con los cuales satisfacer la sentencia civil impuéstale, o en su defecto qué parte de dicha sentencia debe ser sufragada de bienes de la sociedad de gananciales. En este segundo supuesto se tomarán las medidas necesarias para que, en su día, al liquidarse la sociedad de gananciales, por la razón que fuere, se le pueda cargar al cónyuge sentenciado en daños y honorarios de abogado, lo satisfecho por la sociedad de gananciales por esos conceptos, Art. 1310, Código Civil, *in fine.*

*En vista de lo anterior, se dejará sin efecto la Resolución recurrida y se devolverá el caso al tribunal de instancia para la continuación de los procedimientos según lo aquí ordenado.*

El Juez Asociado Señor Martín se unió a la opinión del Tribunal y emitió opinión concurrente a la cual se une el Juez Asociado Señor Torres Rigual.

—O—

Opinión concurrente del Juez Asociado Señor Martín, a la cual se une el Juez Asociado Señor Torres Rigual.

San Juan, Puerto Rico, a 19 de marzo de 1979

El Art. 1308, según enmendado del Código Civil, 31 L.P.R.A. sec. 3661, dispone específicamente que serán de cargo de la sociedad de gananciales "[t]odas las deudas y obligaciones contraídas durante el matrimonio por cualquiera de los cónyuges." Quedan exentas de ese precepto por el Art. 1310 del mismo cuerpo legal "las multas y condenas pecuniarias que se les impusieren."

Nos dice Manresa, con gran sentido, que por regla general "constituyen una carga de la sociedad de gananciales todas las deudas y obligaciones contraídas . . . durante el matrimonio, en cuanto tales deudas representan un equivalente recibido por la sociedad . . . ," pero que "[c]uando se trata de tales condenas y multas la ley no puede presumir que ha nacido la obligación en interés de la comunidad" ya que "[s]e trata de una responsabilidad personal privativa del marido, y a él sólo incumbe, por regla general, su pago o cumplimiento." Manresa, J. M., *Comentarios al Código Civil Español*, Tomo IX, págs. 768–769, Madrid, 1969; véanse casos citados en la opinión.

Por razón del Art. 1802 de nuestro Código Civil, precepto en que se basa la acción instada en el pleito de epígrafe, se impuso al marido culpa o negligencia con respecto a los daños causados al dar muerte al ser humano Santos Sepúlveda. Al imponerle el tribunal la indemnización de daños al marido demandado, Liborio Maldonado Febo, no puede considerarse que deba ser con cargo a la sociedad de gananciales.

Aunque el Art. 1310 del Código Civil intenta proteger la sociedad de bienes gananciales contra los acreedores del cónyuge a quien se le ha impuesto una multa o condena pecuniaria proveniente de su propia falta o delito, provee en adi-

ción que pueden los acreedores repetir contra los gananciales, pero solamente (1) si el cónyuge deudor no tuviere capital propio o fuera insuficiente y (2) luego de haber cubierto las atenciones que enumera el Art. 1308, y que aparecen citadas en la opinión del Tribunal.

A los fines de que el tribunal de instancia esté en condiciones de poder resolver cuáles son las obligaciones que deben cubrirse antes de invadir los bienes gananciales del demandado, y en vista de lo novel de la cuestión planteada, creo menester puntualizar especialmente el inciso 5 que se refiere al "sostenimiento de la familia y la educación de los hijos comunes y de cualquiera de los cónyuges." En otras palabras, debe el tribunal tomar providencias para que se cumpla con las obligaciones de la sociedad de gananciales que reconoce el Art. 1308 y especialmente las del inciso 5.

Estoy consciente de la tragedia personal en que están inmersos los demandantes, pero a la vez debo expresar mi preocupación por las implicaciones que pueda tener sobre la esposa e hijos del demandado que son víctimas de las circunstancias y que no deben ser perjudicadas injustamente por una responsabilidad personalísima del demandado a quien le incumbe, por regla general, su pago o cumplimiento.