**Ana LENSEL LOPEZ, et al., Plaintiffs,**

**v.**

**Rafael CORDERO, et al., Defendants.**

**Civ. No. 86–1244 HL.**

United States District Court,
D. Puerto Rico.

May 8, 1987.

Frank Rodríguez García, Ponce, P.R., for plaintiffs.

Edda Serrano-Blasini, P.R. Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

This is a sect. 1983 action against three officials in the Right to Work Administration of Puerto Rico, two of the officials' wives, and the conjugal partnerships they constitute. Codefendant Rafael Cordero, his wife, the wife of codefendant Eliezar García, and the two conjugal partnerships move the Court for dismissal for insufficiency of process. In the alternative, the wives and conjugal partnerships base their motion to dismiss on failure to state a claim. These motions are unopposed.

## I. MOTION OF RAFAEL CORDERO.

Codefendant Rafael Cordero challenges the sufficiency of process. The summons was served upon him through a secretary at the Administration, Mayra Juarbe, identified as his secretary on the return of service. Cordero maintains that he never authorized Ms. Juarbe to receive service of process for him. For support, he includes a copy of a memo disseminated within the Administration over a year before the service in this case which authorized the director of the Administration's legal division, Luis Viera, as the person to receive service of process for him. In the absence of Mr. Viera, a Mrs. María del Carmen Díaz is authorized. Nowhere does Mayra Juarbe's name appear.

F.R.C.P. 4(d)(1) allows service of process on an individual through "an agent authorized by appointment or by law to receive service of process." Mayra Juarbe was not authorized by appointment. Others were. Service through a secretary, even a personal secretary, which may not even be the case here, is invalid if not authorized. *Betlyan v. Shy*, 573 F.Supp. 1402, 1406 (D.Del. 1983).

The plaintiff has the burden of establishing the validity of the service of process. *Klishewich v. Mediterranean Agencies, Inc.*, 42 F.R.D. 624 (E.D.N.Y. 1966); 2 *Moore's Federal Practice*, Sect. 4.12. By not opposing defendant's motion and supporting documents, plaintiff has failed to meet that burden. The service of process is insufficient. The Court, however, declines to dismiss the case under F.R.C.P. 12(b)(5) because of it. Since it appears that there exist future possibilities of serving codefendant Rafael Cordero, the better disposition is to quash the service.

## II. MOTION OF WIVES AND CONJUGAL PARTNERSHIPS TO DISMISS FOR INSUFFICIENCY OF PROCESS.

The wife of codefendant Eliezar García was served with the summons and complaint "by leaving copies thereof at her dwelling house or usual place of above with some person of suitable age and discretion then residing therein" (her husband). F.R.C.P. 4(d)(1). Service was sufficient.

The wife of codefendant Rafael Cordero, on the other hand, was not served in this manner or any other deemed sufficient under the Rules. Service was made through Mayre Juarbe, who was not authorized to receive service for either Mr. or Mrs. Cordero. Service of process on codefendant Mrs. Cordero was insufficient.

■ Service of process on the conjugal partnership composed of Mr. and Mrs. Cordero was thus insufficient. A conjugal partnership is a distinct legal entity under the laws of Puerto Rico. Jurisdiction can be acquired over the conjugal partnership through service of process on either one of the members of the partnership. The best practice, however, is to serve both members. *Pauneto v. Nunez*, 115 D.P.R. 591, 594 (1984). Because neither Mr. or Mrs. Cordero has been sufficiently served, the conjugal partnership has not been served.

On the other hand, the conjugal partnership composed of Mr. and Mrs. García has been properly served, as both members have been properly served.

### III. MOTION OF THE WIVES AND CONJUGAL PARTNERSHIPS TO DISMISS FOR FAILURE TO STATE A CLAIM.

Codefendant wives and conjugal partnerships move under F.R.C.P. 12(b)(6) for dismissal of the claims against them. They argue that because they were not involved in the actions which gave rise to plaintiffs' suit, they cannot be included in the suit for damages. The law of Puerto Rico, however, is contrary.

■ Article 1310 of the Civil Code of Puerto Rico, 31 L.P.R.A. 3663 provides that fines or pecuniary condemnations imposed on a spouse "may be claimed against the partnership property, after covering the expenses, mentioned in sect. 3661 of this title, if the debtor spouse should have no private capital, or were it insufficient ..." Article 1308, 31 L.P.R.A. 3661 lists the various expenses, such as family support, for which the partnership is responsible. In construing these two articles of the Civil Code together, the Supreme Court of Puerto Rico has formulated the general rule that if the fine arises from a spouse's enterprise which produces financial benefits to the community property, the liability shall also fall on the community property. *Lugo Montalvo v. Gonzalez Manon*, 104 D.P.R. 372, 378 (1975). On the other hand, if the fine stems from an unlawful act, committed by the spouse alone and unconnected to his enterprise, the marital community shall be liable only to the extent that the debtor spouse's capital is insufficient to satisfy the judgment. *Sepulveda v. Maldonado Febo*, 108 D.P.R. 530 (1979).

■ In this case, the allegedly unlawful actions were taken in the performance of codefendants' official duties at work. Codefendants fired plaintiffs for allegedly political reasons. As such, the conjugal partnerships may be held liable in the first instance. Inclusion of them as codefendants is necessary so that the nondebtor spouses may protect their rights in them. Furthermore, even if the conjugal partnership was held to be answerable only secondarily, its inclusion as a party to the suit for damages would be proper for the same reasons. *Id.*

■ The wives of the officials, standing alone, are in a different category, however. Although the wives have an interest in the end result of an action affecting the community property, they may not be held individually liable for the actions of their husbands. The claims against them as individual defendants, unlike the claims against them as members of the conjugal partnership—a separate entity—cannot stand.

WHEREFORE, the services of process of codefendant Rafael Cordero and codefendant Cordero's conjugal partnership are hereby QUASHED. The claims against codefendant Mrs. Cordero and codefendant Mrs. García, as directed against them individually, are hereby DISMISSED. The motion for dismissal of the claims against the Cordero conjugal partnership and the García conjugal partnership are DENIED.

IT IS SO ORDERED.